## MEHITABEL RICHARDSON *vs.* LIPHA FRENCH.

Where an administrator, who is a member of a partnership, applies to the partnership concerns money which belongs to the estate of his intestate, and afterwards gives the note of the firm to a creditor of the intestate, to whom such money was due, in discharge of such creditor's claim on the estate of the intestate, the firm is bound to pay the note, although the money was not in the hands of the firm when the note was given.

ASSUMPSIT to recover of the defendant, as surviving partner of the late firm of P. Blodgett & Co., $146·81, and interest since July 9th 1839. The plaintiff counted on a note, and the

money counts were added. At the trial in the court of common pleas, the plaintiff offered in evidence a note, dated July 9th 1839, signed P. Blodgett & Co., for the above named sum, payable to her.

It was admitted, that at the time and long before the note was given, the defendant and Percival Blodgett were partners, doing business in the town of Orange ; and that said Percival Blodgett was administrator of the estate of George Blodgett, deceased, jointly with Stillman Blodgett, who absconded in 1839.

The defence was, that the note was given for the amount of a dividend due to the plaintiff from the administrators of George Blodgett, and that it was not authorized by the defendant.

The plaintiff contended, and asked the court to instruct the jury, that if the money, due to her from the estate of George Blodgett, had been taken and applied to the partnership concerns before the giving of the note in question, and was so represented by Percival Blodgett to the plaintiff, at the time of his giving the note, said Percival had authority to give the note, and that it would be binding upon the firm. The court refused so to instruct the jury, and instructed them, that unless the money was substantially on hand at the time of giving the note, and that it was then borrowed, or represented to the plaintiff to be borrowed, for company purposes, it would not bind the firm ; and that the plaintiff could not recover in this action, unless the transaction constituted a loan made at that time.

The plaintiff further contended, and asked the court to instruct the jury, that if Percival Blodgett represented to the plaintiff, at the time of giving the note, that he wanted the money for company purposes, and that he would give the company note for it, it would bind the company, though the money were not on hand at the time of giving the note, but had previously been applied to company purposes, or to the concerns of the company. But the court instructed the jury, that the money. must have been substantially on hand, at the time of giving the note, to authorize the giving of the note so as to bind the firm.

A verdict was returned for the defendant, and the plaintiff alleged exceptions to the said instructions.

*Brooks*, for the plaintiff.

*Washburn*, for the defendant.

HUBBARD, J. The defence relied upon in this case is, that the money of the plaintiff never came to the use of the firm of P Blodgett & Co., and consequently that the note declared on was without consideration ; that if the money in the hands of P. Blodgett, as one of the administrators of George Blodgett, and belonging to that estate, was used by the firm of P. Blodgett & Co., the firm were not the debtors to the several creditors of the estate, between whom and them there was no privity, but to the administrators of the estate ; and that the remedy of the creditors, of whom the plaintiff was one, was on the bond of the administrators. Without controverting this proposition, we think the plaintiff's case can be distinguished from it. The firm of P. Blodgett & Co. have the use of the money of the estate, which they have borrowed from the administrators. If then the plaintiff, knowing this, is willing to discharge her claim against the estate, and take, in lieu thereof, the note of the firm, it seems to us that the transaction is a valid one, and that the note is given upon a good consideration. Supposing the transaction to appear in the books of the firm, the administrators on the estate of George Blodgett will be charged with the amount of the note given to the plaintiff; and the note will be entered in the account of notes payable, and the receipt of the plaintiff, and her order for her dividend upon the estate, will be a good voucher for the defendants to sustain their charge for so much money returned to the administrators.

And we are further of opinion, that it was not necessary — as was ruled by the court of common pleas — that the money should have been substantially in hand, at the time of giving the note, to enable the plaintiff to recover upon it against the firm It was sufficient for that purpose, if the money, to which the plaintiff had an equitable claim, had in fact been used by the firm, to authorize the giving of the note so as to bind them ; it being the substitution of one creditor of the firm for another for a good consideration, by consent of the different parties concerned. For whether the defendant, French, was ignorant or not of the giving of the note, at the time, the act of his copart

ner in this respect is equally binding upon him ; the firm having had the money.

The exceptions to the ruling are sustained, and the cause is remitted to the court of common pleas for a new trial.